IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01710-BNB

CARLOS F. GANDIAGA, #97197,

    Plaintiff,

v.

OFFICER SCOTT GROSSE, City of Brighton Police Department, County of Adams,
OFFICER CHAVEZ, City of Brighton Police Department, County of Adams,
OFFICER WILLIAM HOLDER, City of Brighton Police Department, County of Adams,
CANDACE BLACK CARLSON, State of Colorado Office of the District Attorney of Jefferson County,
BECKY LUCERO, Colorado Board of Parole, Colorado Department of Corrections,
CELESTE C DE BACA, Colorado Board of Parole, Colorado Department of Corrections,
MARGARET M. HECKENBACH, Colorado Board of Parole, Colorado Department of Corrections,
DEBORAH C. ALLEN, Colorado Board of Parole, Colorado Department of Corrections,
DAVID L. MICHAUD, Colorado Board of Parole, Colorado Department of Corrections,
LESLEE WAGGNER, Colorado Board of Parole, Colorado Department of Corrections,
JOHN O'DELL, Colorado Board of Parole, Colorado Department of Corrections, and
BILL ZALMON, Offender Services, Colorado Department of Corrections,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 8 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Carlos F. Gandiaga, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Correctional Center in Golden, Colorado. Mr. Gandiaga initiated this action by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On July 20, 2010, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action and ordered Mr. Gandiaga to cure certain deficiencies in this action. Specifically, he ordered Mr. Gandiaga to file a Prisoner Complaint on the court-

approved form in addition to a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding the filing.

After receiving an extension of time, Mr. Gandiaga cured the deficiencies in this action by submitting a Prisoner Complaint and a certified trust fund statement on September 20, 2010. He was granted leave to proceed *in forma pauperis* by order dated September 22, 2010, and he submitted an initial partial filing fee on October 6, 2010.

Mr. Gandiaga has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Gandiaga is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the prisoner complaint liberally because Mr. Gandiaga is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do

so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.* For the reasons set forth below, the complaint and the action will be dismissed.

Mr. Gandiaga asserts four claims in the complaint. As relief, he seeks money damages and declaratory relief. First, Mr. Gandiaga asserts a claim for relief pursuant to 42 U.S.C. § 14141 and 18 U.S.C. §§ 242 and 242, alleging that Defendant police officers Chavez, Grosse, and Holder violated his constitutional rights by "arresting him on a warrantless arrest with fabricated evidence." Complaint at 5. He further alleges that his arrest was illegal and his resulting conviction was invalid. *Id.* at 6-8.

As a preliminary matter, by attempting to initiate a federal criminal prosecution pursuant to 42 U.S.C. § 14141 and 18 U.S.C. §§ 241 and 242, Mr. Gandiaga seeks to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States. This he may not do. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, Mr. Gandiaga lacks standing to maintain a criminal action.

Second, Mr. Gandiaga may not challenge the validity of his state court conviction in this action for money damages pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Heck*, 512 U.S. at 486-87.

A judgment in favor of Mr. Gandiaga in this action necessarily would imply the invalidity of his state court criminal proceedings. Therefore, he may not bring this action unless he has invalidated the proceedings. Mr. Gandiaga does not allege any invalidation of his conviction nor is there an indication in the Complaint that he was granted one. Any claims challenging Mr. Gandiaga's criminal state court proceedings would be barred by *Heck*. Therefore, Mr. Gandiaga's first claim for money damages and injunctive relief is barred by *Heck*, and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

In his second claim, Mr. Gandiaga asserts a claim for "Official Misconduct/Torture Acts" and violations of the First, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. Complaint at 9. He alleges that Defendant District Attorney Candace Black Carlson "violated her Oath of Admission and Office through her conduct of unconstitutional prosecution of the case and deprived the Plaintiff of his right of a fair and impartial trial." *Id.* However, a prosecutor acting within the scope of her duties

enjoys absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Prosecutors are provided absolute immunity because exposing them to § 1983 lawsuits springing from their official activities "would divert '[their] energy and attention . . . from the pressing duty of enforcing the criminal law.'" *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (quoting *Imbler*, 424 U.S. at 430-31)). Nonetheless, prosecutorial immunity does not generally extend to "those aspects of the prosecutor's responsibility that cast [her] in the role of an administrator or investigative officer rather than that of advocate." *Imbler*, 424 U.S. at 430-31. In addition, "'[a]bsolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding.'" *Grant*, 870 F.2d at 1138 (citation omitted).

Here, Mr. Gandiaga's allegations against Defendant Carlson involve no more than acts that are "'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). With respect to the prosecutorial activities in which Defendant Carlson was involved in Mr. Gandiaga's state court criminal case, she enjoys immunity from suit under § 1983. *See Imbler*, 424 U.S. at 420-24. A claim against a defendant who clearly is immune from suit is legally frivolous. *Neitzke*, 490 U.S. at 327. Therefore, Defendant Candace Black Carlson is an inappropriate party to this action based on absolute immunity, and Mr. Gandiaga's second claim will be dismissed as legally frivolous.

Third, Mr. Gandiaga asserts a claim for "official misconduct of public officials in position of trust/fraud." Complaint at 11. He alleges that he was paroled on September 5, 2009, but that his parole was revoked on October 27, 2008. *Id.* The reason for the revocation of Mr. Gandiaga's parole is not clear because he simply alleges that the parole board "suspended [his] parole . . . on the false premise of additional information." *Id.* He also asserts that the named members of the Colorado Board of Parole "abused their discretion" and violated his right to due process.

However, Mr. Gandiaga may not recover money damages for this because it challenges the validity of his parole revocation and, therefore, his continuing confinement. *See Heck*, 512 U.S. at 477. The rule in *Heck* applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole).

Mr. Gandiaga's claims for money damages amount to a collateral attack on the revocation of his parole and subsequent incarceration. *Heck* does not permit this. Before bringing a claim that casts doubt on the length of a prisoner's continued incarceration, the prisoner first must pursue a successful action for habeas corpus. *Edwards v. Balisok*, 520 U.S. 641 (1997), *see also Butterfield*, 120 F.3d at 1024 & n.1. Mr. Gandiaga does not allege, and nothing in the Court's file indicates, that he has invalidated the revocation of his parole through a writ of habeas corpus.

Mr. Gandiaga also may not obtain injunctive relief for his claims concerning the revocation of his parole because, as previously stated, those claims challenge the validity of his parole revocation and, therefore, his continuing confinement. *See*

6

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's [42 U.S.C.] § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original).

Therefore, Mr. Gandiaga's third claim for money damages and injunctive relief based upon the revocation of his parole is barred by *Heck*, and will be dismissed without prejudice. *See Fottler*, 73 F.3d at 1065.

Fourth, Mr. Gandiaga asserts a claim for "Negligence of Offender Service/Case Manager to the consistent request for the re-viewing of the re-classification and placement." Complaint at 16. He alleges that, after his parole was revoked, he was reclassified from a minimum security level to a "minimum restriction" level on November 5, 2008. *Id.* He asserts that Defendant Bill Zalmon failed to inform him that he had been reclassified and did not provide any reasoning for the reclassification. *Id.* Mr. Gandiaga alleges that "the reasons for the reclassification are discriminatory towards Plaintiff" and that DOC procedures were not properly followed during his reclassification. *Id.* Specifically, Mr. Gandiaga asserts that Defendant Zalmon failed to follow DOC Administrative Regulation 600-01, which allegedly contains criteria that would dictate that Mr. Gandiaga receive a minimum security classification. *Id.* at 16-18.  To the extent that Mr. Gandiaga asserts a claim for relief based upon the allegation that Defendant Zalmon violated DOC policy by improperly classifying him, a violation of a prison regulation is insufficient to state a constitutional claim under

§ 1983. *See e.g. Davis v. Scherer*, 468 U.S. 183, 194 (1984) ("[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision"); *see also Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir.1993) ("failure to adhere to administrative regulations does not equate to a constitutional violation"); *Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir.2002) ("[t]o the extent [plaintiff] seeks relief for alleged violations of state statutes and prison regulations, . . . he has stated no cognizable claim under § 1983") (citations omitted). This is because prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995).

To the extent that Mr. Gandiaga's fourth claim could be construed to assert a violation of his due process right based upon his classification at a higher security level following the revocation of his parole, the Court also finds that this claim lacks merit. The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty or property. The Tenth Circuit has found that "[c]hanging an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (quoting *Meachum v. Fano*, 427 U.S. 215, 225 (1976)); *see also Cardoso v. Calbone*, 490 F.3d 1194, 1198 (10th Cir. 2007) (holding that a decision to adjust a prisoner's classification level based on discretionary factors does not implicate a liberty interest). Therefore, because Mr. Gandiaga fails to allege facts that might

support an arguable constitutional claim, his fourth claim will be dismissed as legally frivolous. Accordingly, it is

ORDERED that Claims One and Three are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that Claims Two and Four are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that the Complaint and Action are dismissed.

DATED at Denver, Colorado, this 27th day of October, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01710-BNB

Carlos F. Gandiaga
Prisoner No. 97197
Colorado Corr. Center
Camp George West
15445 South Golden Road
Golden, CO 80401

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/28/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk